# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4827-16T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.C.,

     Defendant-Appellant,

and

O.P., Sr.,

     Defendant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF O.P., Jr., and E.P.,

     Minors.

_____

Submitted October 15, 2018 – Decided  October 22, 2018

Before Judges Haas, Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0245-15.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Jessica M. Steinglass, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Lisa M. Black, Designated Counsel, on the brief).

PER CURIAM

Defendant A.C.[1] appeals from the Family Part's June 28, 2017 judgment of guardianship terminating her parental rights to her son, O.P., Jr. (Ollie), born in July 2013, and her daughter, E.P. (Erin), born in December 2014.[2] Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15-1(a) by clear and convincing

---

[1] We refer to the adult parties by initials, and to the children by fictitious names, to protect their privacy. R. 1:38-3(d)(12).

[2] The judgment also terminated the parental rights of the children's father, O.P., Sr., who has not filed an appeal from that determination.

2                                                                      A-4827-16T4

evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth in Judge Lourdes I. Santiago's thorough and thoughtful, fifty-six-page written decision rendered on June 28, 2017.

We will not recite in detail the history of the Division's involvement with defendant. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Santiago's decision. We add only the following comments.

We are satisfied that commencing with the Division's first contact with defendant in January 2014, the Division provided multiple opportunities for her to reunify with her children and address her long-standing mental health issues. The Division assumed custody of Ollie, a child with special needs, when he was six months old because defendant was not taking him to his medical appointments. When Erin was born just eleven months later, the Division was granted custody of the baby because defendant was homeless and unable to care

A-4827-16T4

for her.  Both children were placed with the same resource family in March 2015, where they have thrived.[3]

Although defendant was cooperative with the Division and participated in the services it provided to her in the years that followed, the unanimous opinion of the mental health experts who testified at trial was that defendant had not, and could not in the foreseeable future, overcome the cognitive deficits that prevented her from safely parenting the children.  One of the Division's two expert psychologists, Dr. Karen Wells, diagnosed defendant with post-traumatic stress disorder (PTSD) and mixed personality disorder with dependent and borderline personality characteristics.  Dr. Wells opined that defendant was unable to parent both children independently.  The other expert psychologist, Dr. Charles Daly, provided a similar diagnosis, and also opined that defendant "was not able to serve as a custodial parent in a safe and caring way for her children."  The opinions expressed by the Division's experts were confirmed by Dr. Elizabeth Smith, an expert psychologist, presented by the Law Guardian.  Dr. Smith determined "it would not be safe to reunify the children with"

---

[3]  The foster parents are committed to adopting the children.

A-4827-16T4

defendant, and that the children "would be at risk of harm" due to her ongoing mental health issues.[4]

All three psychologists conducted bonding evaluations between defendant and the two children, and between the children and the foster parents. Each opined that, at best, the children had only "an insecure bond" with defendant, and would not suffer any lasting harm if that bond were terminated. On the other hand, all three experts testified that the children were firmly bonded to the foster parents, and viewed them as their psychological parents. The experts also agreed that the children would suffer enduring and permanent harm if their relationship with the foster parents was severed.

Defendant did not testify at trial and did not offer any expert testimony contradicting the opinions expressed by Dr. Wells, Dr. Daly, and Dr. Smith.

In her opinion, Judge Santiago reviewed the evidence presented and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendant's parental rights was in the children's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to her

---

[4] The Division also provided the testimony of a psychiatrist, who offered a similar diagnosis of defendant, but this expert did not conduct a bonding analysis.

expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

After reviewing the record, we conclude that Judge Santiago's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable. We therefore affirm substantially for the reasons that the judge expressed in her well-reasoned opinion.

In so ruling, we note, as did Judge Santiago, that defendant made some progress in her personal life prior to the trial, especially in terms of securing housing through a government program, and by maintaining employment. However, as amply demonstrated by the unrebutted expert testimony, defendant still suffered from a mental illness which prevented reunification. As the judge explained, although defendant

> engaged in recommended services and treatment, it became clear that [defendant] suffered from poor judgment not only in the selection of romantic partners, but was also exhibiting an inability to manage and handle stressful situations and meeting the demands of child care and daily living. Reports from treatment providers and programs reported that despite her compliance in attending treatment sessions such as

6

individual and domestic violence counseling and therapeutic visitation, that she had underlying cognitive issues which were prohibiting her from executing on what she was learning.

After a lengthy period of time engaging in treatment, it became apparent that [defendant]'s underlying issues would require long term treatment in cognitive behavioral therapy, that if successful "may" help her learn and implement what she has learned. The [c]ourt has considered uncontroverted psychological and psychiatric evaluations from several credible experts that opine that she cannot safely parent these children at this time. It is unclear whether continued treatment with [cognitive behavioral therapy] will assist [defendant] in remediating these major issues and how much time would be needed before she could engage in unsupervised and safe parenting. These two children have already been in [and] out of home placement for three years and permanency for [Ollie] and [Erin] cannot be further delayed.

We discern no basis for disturbing Judge Santiago's reasoned determination on this point. Children are entitled to a permanent, safe and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." N.J. Div. of Youth & Family Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to

promote the child's well being." Ibid. (citing N.J.S.A. 30:4C-11.1). That is because "[a] child cannot be held prisoner of the rights of others, even those of his or her parents. Children have their own rights, including the right to a permanent, safe and stable placement." Ibid.

The question then is "whether the parent can become fit in time to meet the needs of the children." N.J. Div. of Youth & Family Servs. v. F.M., 375 N.J. Super. 235, 263 (App. Div. 2005); see also N.J. Div. of Youth & Family Servs. v. P.P., 180 N.J. 494, 512 (2004) (indicating that even if a parent is trying to change, a child cannot wait indefinitely). After carefully considering the testimony of the mental health professionals who evaluated defendant, Judge Santiago reasonably determined that, despite defendant's progress in some areas, she was still unable to parent the two children, and would not be able to do so for the foreseeable future. Under those circumstances, we agree with the judge that any further delay of permanent placement would not be in the best interests of the children.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4827-16T4